HEARD APRIL TERM, 1874.

## CHARLES *vs.* JACOBS.

A Judge has no power, at Chambers, to grant a new trial on the merits, and much less has he the power to vacate and set aside the judgment.

Rule to show cause why a *remittitur* should not be entered is the proper mode of relief where the record shows that the verdict is for more than the amount due.

BEFORE COOKE, J., AT CHAMBERS, ABBEVILLE, OCTOBER, 1873.

William B. Charles brought an action in Greenville County against R. H. Jacobs, as administrator of E. O. Jacobs, deceased, on a judgment by confession, and at the September Term, 1873, of the Court of Common Pleas for that County, he obtained a verdict for $4,174.95—the only issue made by the pleadings being that of payment. The defendant moved for a new trial on the ground of newly discovered evidence, and the motion was overruled.

It was afterwards ascertained that the verdict was for several hundred dollars in excess of the amount due on the judgment, and on the 18th October, 1873, the defendant caused the plaintiff's attorney to be served with notice that a motion would be made before the Circuit Judge, at Abbeville, on the 23d day of the same month, or as soon thereafter as the motion could be heard, to vacate and set aside the verdict, judgment and execution, unless, in the meantime, a *remittitur* for the excess should be entered. The plain-

tiff's attorney did not appear to resist the motion, and on the 29th October, 1873, His Honor made an order that the judgment be vacated.

The plaintiff appealed on the ground, *inter alia*, that the Judge had no jurisdiction, at Chambers, to grant the order.

*Sullivan & Stokes, Earle & Blythe*, for appellants.

*Moore, Cothran & Wells, Arthur, & Arthur*, contra.

Sept. 23, 1874. The opinion of the Court was delivered by

MOSES, C. J. We propose only to consider the validity of the order of the 29th of October, 1873, which the appellant, by his motion, seeks to reverse. With the form of the complaint, or the right of the plaintiff therein to recover, we have nothing now to do. All exceptions of that character are concluded by the verdict of the jury, which must stand until set aside according to the forms provided by law.

The order referred to is substantially for a new trial. This the Judge was without authority to direct at Chambers, even in the County where the judgment was rendered, for, by the 417th Section of the Code, (Gen. Stats., 674,) he can only entertain a motion for a new trial on the merits in open Court; and, by Sections 288 and 289, (Gen. Stats., 636,) " a motion for a new trial, on a case or exceptions, or otherwise, must, in the first instance, be heard and determined at the same term." Much less can he, at Chambers, vacate a judgment by setting aside the whole proceeding on which it is founded. Here, at the term during which the verdict was rendered, a motion for a new trial was, in due form, made and refused. The recourse, then, of the defendant below, if he supposed he had cause of exception, was by appeal to this Court.

The 2d Section of Chapter CV of the General Statutes, under which the respondent made his application, and the provisions of the Code of Procedure in regard to new trials, are all included in one Act. If there is any repugnancy in the various parts, touching or relating to the same subject, they must, if possible, be reconciled with the apparent intent and design of the Legislature, so far as these can be ascertained from the whole enactment.

Where a subsequent Section of the same Statute so restricts the power of the Circuit Judge that he can only entertain a motion for a new trial in term time, the express prohibition must apply to the

general right of vacating a judgment, where shown to be erroneous, and thereupon ordering a new trial. A jurisdiction of so important a character must be controlled, in its practical exercise, by some uniformity in the mode by which it is to be administered, or otherwise each Judge might adopt for himself some arbitrary rule which would introduce a diversity of practice in the several Circuits.

An examination of the legislation of the State on this subject since 1868 will explain what effect should now be given to the said second Section of the 105th Chapter of the General Statutes. In 1868, (14 Stat., 136,) the Circuit Court was vested with power to grant new trials, where there had been a trial by jury, for reasons for which new trials have usually been granted in the Courts of law of the United States. How, or under what limitations and conditions as to form, the power was to be exercised, was not provided. Then followed the Act of 1869, incorporated in the said 105th Chapter, (as was also the Act of 1868,) allowing the presiding Judge of the Circuit to set aside a judgment, if erroneous, and to order a trial *de novo*. These provisions are all introduced into the General Statutes, but they precede those of the Code regulating the mode of the application for and granting of new trials, which is accepted and followed as the law in regard to new trials by the Circuit Courts.

It is not necessary to enquire how far the said second Section may justify the interference of a Circuit Judge in affording relief after judgment, where it was apparent from the record that there was such error as would work manifest injustice. Independent of statutory provisions, the Court of Common Pleas, by virtue of its own inherent right, from the general nature and intent of its jurisdiction, " has always exercised the power of looking into its own records, and, on motion, affording that remedy, after judgment has been entered up, which is obtained by writ of error in the English Courts."—*Mooney* vs. *Welsh*, 1 Con. Rep., 133; *Bank of Pennsylvania* vs. *Condy*, 1 Hill, 210. As was said in the last named case, " the plaintiff can not be permitted, by the mistake of the jury in computing interest or fixing the day from which it shall be computed, to recover more than he claimed or showed himself entitled to—the mode of relief is not very essential." The purpose is amendment, not destruction, and the end desired and sought must be in a mode through which it can likely be attained. The Judge, we hold, was without jurisdiction to set aside the verdict. His course should

have been by a rule to require the plaintiff below to show cause at the next term why a *remittitur* should not be entered for the excess found by the jury over the true amount due apparent from the record, and, in fact, admitted by the appellant.

It is ordered that the order of 29th October, 1873, be set aside, and that, unless the plaintiff below, within ten days' notice of this order from the Clerk of this Court enter a *remittitur* for the excess of interest over the true amount due, as will appear by the record, the respondent have leave to apply to the Judge of the Circuit for a rule against said plaintiff returnable to the next succeeding term, to show cause why such *remittitur* should not be entered.

*Wright*, A. J., and *Willard*, A. J., concurred.